### LACOUR v. CARRIE, Administrator.

Where a mortgage recites that it was executed to secure the payment of a note, describing the name of the maker, the date of the note, and the rate of interest, but is silent as to its amount, and the mortgage is recorded, but the note is not, the neglect to insert the amount will be fatal as to third persons, and the mortgagee will have no preference upon the property mortgaged. C. C. 3277.

APPEAL from the Court of Probates of Natchitoches, *Greneaux*, J.
M. *Boyce*, for the appellant, contended that the note was sufficiently identified with the mortgage by the *paraph* of the notary, citing Civil Code, arts. 3273, 3274, 3277.

*Sherburne* and J. B. *Smith*, for the defendant. The mortgage is a nullity, the exact amount for which it was given not being declared in the act. C. C. 3277. Bosquet, Dict. des Oblig. vol. 2, p. 399. Sirey, 34, 2, 279. 9 Rob. 482.

The judgment of the court was pronounced by

SLIDELL, J.   The plaintiff sues the defendant, administrator of the succession of *Sylvestre Anty*, upon a note executed by the deceased. He asks to be placed on the tableau of debts due by the succession, as a privileged creditor upon the proceeds of certain real estate, and as an ordinary creditor for the balance of his claim.

The first point presented for our consideration is, as to the validity of the alleged mortgage.   The mortgage recites an indebtedness upon a note described as signed by *Anty*, dated 1st April, 1840, and bearing interest at ten per cent. The mortgage is entirely silent as to the amount of the note.   At the trial of the cause the note was offered in evidence, and exhibited the *paraph* of the notary before whom the act of mortgage was executed ; and a subscribing witness to the act deposed that it was the identical note which was exhibited to the parties by the notary.   The mortgage only was recorded ; but the note was not.

" The mortgage only takes place in such instances as are authorised by law." Civil Code, 3250.   " To render a conventional mortgage valid, it is necessary that the exact sum for which it is given shall be declared in the act." Ib. 3277. Under these articles, the neglect to state the sum is fatal as to third persons ; and therefore the claim of preference over other creditors upon the proceeds of the property described in the act, was properly rejected.

We are also of opinion that the plea of prescription was properly overruled. The acknowledgment of the indebtedness by the deceased, within five years before the institution of the suit, and before prescription had accrued, is sufficiently proved.                                          *Judgment affirmed.*